HON. ASAHEL PECK, ⎫
HON. HOMER E. ROYCE, ⎬ ASSISTANT JUDGES.
HON. JONATHAN ROSS, ⎭

---

ARUNAH HANKS *v.* HENRY LATHE, EXECUTOR OF SYLVANUS B. LATHE.

### *Will.  Construction.*

The testator, after giving a legacy to his wife, gave the residue and remainder of his estate to his son, upon condition that, if "I should not return alive from the journey I contemplate making this summer with my wife, there is to be paid out from that part of my estate that is here given to my son, * * * to H., the mortgage I hold against L. H. * * * But should I return, and during my life make over said mortgage to H., my son's share is to be relieved from the payment of said legacy" to H. The testator returned from said journey, but did not make over said mortgage to H. The whole of the testator's estate was not sufficient to pay his wife's legacy. *Held,* that said mortgage belonged to his wife.

APPEAL from the probate court. The only question in the case arose upon the construction of the will of the said testator,

dated on the 18th day of July, 1865. That portion of the will material to be stated is as follows :

\* \* \* \* \* \* " I give and bequeath to my well beloved wife, Rhoda Lathe, the sum of two thousand dollars in money. I do also give my wife Rhoda, my best cow, or the choice out of my whole number of cows, one pig, or shoat, my best wagon, and all of my household furniture. All of the above legacies to be the said Rhoda Lathe's own property forever. I do, on reflection, give to my said wife Rhoda the further or additional sum of five hundred dollars. By household furniture I intend to include all beds and bedding. I do give to my said wife Rhoda all notes that she or I have, that are made payable to her, the said Rhoda Lathe.

\* \* \* \* \* \* \* \*

" I give and bequeath to my son, Henry Lathe, all the residue and remainder of my estate, both real and personal, subject to the following conditions, viz: that if I should not return alive from the journey that I contemplate making this summer with my wife, there is to be paid out from that part of my estate that is here given to my son Henry Lathe, to the following named persons, the amount herein specified, to wit: to Arunah Hanks, the mortgage I hold against Levi Hanks ; to Caroline Hanks, the sum of one hundred dollars ; to Mark Warner, one hundred and twenty-five dollars, which he has hired and which he now owes me ; to have and to hold the same during their natural lives, free from all debts and demands whatsoever as they think proper. But should I return, and during my life make over to the said Arunah Hanks the above named mortgage, and pay the said Caroline Hanks the sum of one hundred dollars, and give up to Mark Warner the sum of one hundred and twenty-five dollars, now due me ; my son Henry Lathe's share is to be relieved from the payment of those legacies."

The defendant, the executor of said will, passed the Levi Hanks mortgage mentioned therein, to the said Rhoda, as part payment of her legacy of $2,500. There was not enough of said estate, including said mortgage, to pay the said Rhoda her said legacy, into three hundred dollars or more. The plaintiff claimed that, by the terms of said will, said mortgage belonged to him, and should have been delivered to him by the defendant. When the testator made said will, he had sufficient property to pay all the legacies therein given, and all his debts. After making said

will, he gave the defendant about $2,000. The testator returned from the journey spoken of in said will; but did not give or make over said mortgage to the plaintiff.

The court, at the March term, 1872, WHEELER, J., presiding, adjudged that, under said will, said mortgage became and was the property of the said Rhoda; and affirmed the decree of the probate court allowing the account of the said executor, in which he credited himself with said mortgage as delivered to the said Rhoda as aforesaid, with costs. Exceptions by the plaintiff.

*Betts & Grover*, for the plaintiff, cited *Walton* v. *Walton*, 7 Johns. Ch. 262; *Gardner* v. *Printup*, 2 Barb. 83; *Sholl* v. *Sholl*, 5 Barb. 312; 2 Redf. Wills, 456; Willard Eq. Jur. 502–3; *Ashton* v. *Ashton*, 3 P. Wms. 384; Hawk. Wills, 294.

*Fayette Potter*, for the defendant.

The opinion of the court was delivered by

ROYCE, J. The testator, after making provision by his will for his wife, bequeathed all the residue and remainder of his estate (subject to the conditions named in the will) to his son Henry. The whole estate was insufficient to satisfy the legacy made to the wife. The residuary clause in the will was introduced for nothing more than a disposition of that portion of the estate that had not been previously disposed of. If any legacy was made to the plaintiff (which we do not decide), it was to be satisfied out of the residuum of the estate; and inasmuch as there was no residuum, there was no fund out of which to pay it. Consequently, the judgment of the county court is affirmed.